**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| THADDEUS H. JANOWSKI JR., )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>NANCY A. BERRYHILL, )<br>Deputy Commissioner for Operations, )<br>Social Security Administration, )<br>    Defendant. ) | CAUSE NO.: 2:17-CV-363-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Thaddeus H. Janowski Jr., and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], filed March 1, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 12, 2018, the Commissioner filed a response, and on April 27, 2018, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.    Background**

On June 4, 2014, Plaintiff filed an application for benefits alleging disability beginning October 1, 2013. Plaintiff's application was denied initially and upon reconsideration. On October 20, 2016, Administrative Law Judge ("ALJ") Karen Sayon held a video hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On February 8, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since June 4, 2014, the application date.

1

2. The claimant has the following severe impairments: major depressive disorder and anxiety disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple instructions. He is further limited to routine, repetitive tasks. He should work in a low stress work environment, which is defined as occasional changes in the workplace setting and simple decision making. He should have no fast paced production requirements; no public interaction; and no more than occasional interaction with supervisors and co-workers.

5. The claimant has no past relevant work.

6. The claimant was 52 years old, which is defined as an individual closely approaching advancing age, on the date the application was filed. He is now 55, which is described as an individual of advanced age.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 4, 2014, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ's assessment of Plaintiff's residential functional capacity ("RFC") was not supported by substantial evidence, that she failed to properly evaluate the opinion of Plaintiff's treating physician, and that she failed to properly analyze his physical impairments and subjective complaints. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

In assessing Plaintiff's RFC, the ALJ limited Plaintiff to simple decision making and routine, repetitive tasks in a low stress work environment, with no fast paced production requirements, no public interaction, and no more than occasional interaction with supervisors and co-workers.

4

Although the ALJ found that Plaintiff has moderate difficulties in concentration, persistence, and pace, she did not explain how Plaintiff's moderate difficulties in concentration, persistence and pace were incorporated into the RFC. A limitation to unskilled work is generally insufficient to account for moderate limitations in concentration, persistence, or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21 ("In most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."); *see also Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations . . . which . . . limited [the plaintiff]'s ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (finding that limitation to unskilled work did not account for limitations in concentration, pace, and mood swings); *Young v. Barnhart*, 362 F.3d 995, 1004 (7th Cir. 2004) (concluding that a limitation of "simple, routine, repetitive, low stress work with limited contact with coworkers and limited contact with the public" was inadequate to take into account the claimant's limitations).

In particular, the ALJ failed to address the record evidence of Plaintiff's limitations in memory, sustaining attention, sustaining a routine, and performing at a consistent pace, as documented by the treating physician, Dr. Prakash Varghese. In support of her assessment, the ALJ

5

acknowledged that Plaintiff "became frustrated, because he was not able to understand or comprehend his postal mail," but that he "also stated that he watches television all day . . . which is some evidence of the ability to maintain concentration, persistence, or pace. He volunteers at a food pantry." The ALJ did not adequately consider Dr. Varghese's evidence and did not explain why Plaintiff watching television, and volunteering at a food pantry for 10-15 hours per week, supported the conclusion that he could consistently perform "routine, repetitive tasks" in an employment context. Although the ALJ ruled out "fast paced production requirements," presumably concluding that Plaintiff could maintain a normal work pace, she did not explain why with reference to the evidence.

The ALJ afforded "little weight" to the opinions of Dr. Varghese, the treating psychiatrist, as "not supported by the doctor's own treatment notes" and inconsistent with Plaintiff's stable condition. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's

6

case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

In this case, the ALJ did not provide a sound explanation for rejecting Dr. Varghese's opinion based on the required factors. The ALJ pointed out that on a medical source form, Dr. Varghese indicated that Plaintiff "reports feeling depressed, anxious," which the ALJ said was "evidence that the doctor relied on the claimant's subjective complaints when completing this form," and therefore grounds for giving his opinion little weight. Particularly in a psychiatric context, subjective complaints are a legitimate basis for a medical opinion. *See Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015) ("psychiatric assessments normally are based primarily on what the patient tells the psychiatrist"). The ALJ further stated that Dr. Varghese's assessment of Plaintiff's work limitations was not supported by the doctor's treatment notes, and that Plaintiff has "few abnormal findings by this doctor." But Dr. Varghese indicated on the medical source form that Plaintiff suffered from decreased energy, generalized persistent anxiety, mood disturbance, psychomotor agitation or retardation, and emotional withdrawal or isolation. Those symptoms comport with his previous treatment notes indicating that Plaintiff suffered psychomotor restlessness, stressed or depressed mood, and "constricted" affect.

The ALJ failed to explain why the symptoms identified in the treatment notes did not support Dr. Varghese's opinion. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. The ALJ's failure

7

to consider the treatment notes is particularly worrisome given the importance of treating physician opinions on issues of residual functional capacity. *See, e.g,. Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

Although the ALJ stated that "the claimant has been on the same medications for years," that fact is not inconsistent with Dr. Varghese's opinion. Consistent treatment with strong drugs can be evidence of the severity of the underlying condition. *See, e.g., Scrogham v. Colvin*, 765 F.3d 685, 701 (7th Cir. 2014) (evidence that claimant was willing to take powerful medication, and that physicians were willing to prescribe this course of treatment, reflects that his symptoms "caused him real problems"). The fact that the ALJ assumed the opposite conclusion leaves the Court concerned that she substituted her own judgment for that of the medical professional. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) "[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor. . . . Common sense can mislead; lay intuitions about medical phenomena are often wrong."); *see also e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Plaintiff also argues that the ALJ failed to appropriately consider his physical limitations.

The ALJ found that any physical impairments were non-severe, and therefore caused no more than minimal functional limitations. The record indicates that Plaintiff consistently complained of pain in his back and legs, was prescribed naproxen and Tramadol, and was diagnosed with bilateral knee and lumbar spine pain and associated arthritis. In addition, Plaintiff testified that he could not walk more than two blocks at a time, and struggled to lift more than ten pounds, and the director of the food pantry where Plaintiff volunteered stated that he could not lift more than fifteen pounds. The ALJ acknowledged that Plaintiff was diagnosed with arthritis and had been prescribed pain medication, but pointed to a State agency examination indicating that, despite his complaints of pain, his physical capability was "essentially normal." She concluded that there was "little to support [Plaintiff's] allegations" of physical problems. The ALJ needed to consider all the record evidence, not just the State agency examiner's report, to create a "logical bridge" between the record evidence and her conclusions. *O'Connor-Spinner*, 627 F.3d at 618.

The ALJ also noted that the doctor who diagnosed and treated the injuries stopped prescribing the medications because Plaintiff "did not follow through with referrals or x-rays." Plaintiff testified that he had not been "able to keep a regular doctor," and his medical notes suggest that while he expressed reluctance to follow the treatment plan, he eventually requested the help of a mental health case manager to coordinate the x-rays. The ALJ did not develop the record on that issue. When failure to comply with medical treatment recommendations is used as a factor in determining whether a claimant's statements regarding his symptoms are to be believed, an ALJ is required make a determination about whether the lack of treatment is justified and develop the record accordingly. *See* Social Security Ruling 16-3p, 2016 WL 1119029 (Mar. 16, 2016), at *8; *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("Although a history of sporadic treatment or

the failure to follow a treatment plan can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference."); *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) ("[T]he ALJ 'must not draw any inferences' about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quoting SSR 96-7p). This is particularly so when mental illness is implicated. *See*, *e.g.*, *Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006) (mental illness may prevent the patient from "submitting to treatment").

Finally, Plaintiff argues that the ALJ failed to adequately consider his subjective complaints. The ALJ found that "[o]verall," Plaintiff's complaints were "not completely consistent" with the evidence, and pointed to two examples of apparent inconsistencies in Plaintiff's statements about his capability to walk and the effectiveness of his medication. The ALJ's conclusory statement makes it unclear which of Plaintiff's statements were dismissed and for what reasons, leaving the reviewer without "an accurate and logical bridge" to the ALJ's conclusions. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (remanding where "the ALJ stated, in a conclusory manner, that [Plaintiff's] testimony regarding the limitations placed on her daily activities was unsupported by the medical evidence"). To the extent the ALJ intended to assess Plaintiff's allegations as a whole, she needed to "evaluate whether [those] statements are consistent with objective medical evidence and the other evidence," and "explain" which symptoms were found to be consistent or inconsistent with the evidenc. SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), at *6, *8; *see also Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (remanding where ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72).

On remand, the ALJ is directed to fully incorporate Plaintiff's difficulties in concentration, persistence and pace into the RFC, to consider the treating physician's opinion in the manner described in 20 C.F.R. §§ 404.1527(c), to fully consider the evidence of Plaintiff's physical limitations, and to explain the basis for his or her evaluation of Plaintiff's subjective complaints, as prescribed by Social Security Ruling 16-3p.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], **DIRECTS** the Court to enter judgment in favor of Plaintiff, and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 25th day of January, 2019.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record